ALBRECHT, INC., APPELLANT, *v.*
SUMMIT COUNTY BOARD OF REVISION
ET AL., APPELLEES.

(No. 12862—Decided
May 13, 1987.)

*Joseph M. Holder,* for appellant.
*Denise McGuckin,* assistant prosecuting attorney, for appellees.

MAHONEY, J. Albrecht, Inc. ("Albrecht") appeals from a judgment of the common pleas court which decreased the taxable value of a parcel of its realty as determined by the county auditor and affirmed by the county board of revision. We affirm the judgment of the court of common pleas.

### Facts

Albrecht instituted this action with the Summit County Board of Revision ("board"), seeking a reduction in the taxable value assigned to three parcels of real property. This property is a shopping center complex which was purchased by Albrecht in 1984.

The Summit County Auditor assigned a total taxable value of $502,775 to the parcels in controversy for the 1984 tax year. Albrecht contended that the proper taxable value of the property was $180,135. After conducting an evidentiary hearing on the matter, the board found the value assigned by the county auditor to be correct.

Albrecht appealed the board's decision to the Summit County Court of Common Pleas. The court did not conduct any hearings on the matter or receive any additional evidence from the parties. Based upon the evidence contained in the record of the board proceedings, the court determined the proper taxable value of the properties to be $350,000 and entered judgment accordingly.

Albrecht brought this appeal, making two assignments of error. We will address the second assignment first.

### Assignment of Error II

"The court below violated the due process rights of Albrecht, Inc. by failing to afford Albrecht, Inc. an opportunity to make written or oral arguments."

R.C. 5717.05 requires that common pleas courts consider the administrative record in an appeal from a decision of a board of revision. In effect, the statute requires only a "decision *de novo.*" *Black* v. *Bd. of Revision* (1985), 16 Ohio St. 3d 11, 16 OBR 363, 475 N.E. 2d 1264. While the statute mandates that a common pleas court make its own independent determination, the Supreme Court of Ohio has recently stated that there is no requirement that an independent "proceeding" be conducted. See *Park Ridge Co.* v. *Franklin Cty. Bd. of Revision* (1987), 29 Ohio St. 3d 12, 14, 29 OBR 231, 233, 504 N.E. 2d 1116, 1119.

Albrecht's second assignment of error is overruled.

### Assignment of Error I

"The court below and the Board of Revision erred by failing to base the 1984 true value of the real property on the 1984 arm's-length sale between the City Corporation and Albrecht, Inc."

The taxable value of a parcel of real property in Summit County is thirty-five percent of its "true value" or "fair market value." Albrecht purchased the property in controversy in 1984 for $515,681.34. The common pleas court determined that the "true value" of the property was $1,000,000.

The scope of our review is limited to determining whether the decision of the court below is unreasonable, arbitrary, or unconscionable. *Black, supra,* at 14, 16 OBR at 367, 475 N.E. 2d at 1269. The record must contain some probative evidence supporting the decision below. See *Consolidation Coal Co.* v. *Porterfield* (1971), 25 Ohio St. 2d 154, 159, 54 O.O. 2d 277, 280-281, 267 N.E. 2d 304, 307-308.

It is well-established Ohio law that the best evidence of the true value of real property is an actual, recent sale of the property in an arm's-length transaction. *Conalco, Inc.* v. *Bd. of Revision* (1977), 50 Ohio St. 2d 129, 4 O.O. 3d 309, 363 N.E. 2d 722, paragraph one of the syllabus. R.C. 5713.03 provides that the sale price of real property in such a transaction shall be considered its true value for taxation purposes. However, other evidence may be employed to rebut the presumption that the sale price reflects the true value. See *Ratner* v. *Stark Cty. Bd. of Revision* (1986), 23 Ohio St. 3d 59, 61, 23 OBR 192, 193, 491 N.E. 2d 680, 681-682.

In the case at bar, the record indicates that the properties in controversy have been professionally appraised at least twice in recent years. John G. Cleminshaw, Inc. valued the properties at $1,436,500. On December 7, 1983, Howard W. Myers, M.A.I., valued the properties at $800,000 as of January 1, 1982. The record also indicates that improvements were made to the properties subsequent to January 1, 1982.

There exists ample record evidence for the common pleas court to have concluded that Summit County successfully rebutted the presumption that the sale price of the properties reflected their true value. We find that the true value assigned to the properties by the common pleas court is not unreasonable, arbitrary, or unconscionable. Assignment of Error I is overruled.

### Summary

Albrecht's two assignments of error are overruled and the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.