**MURRAY & CO. MARINA, INC., Appellant,**

**v.**

**ERIE COUNTY BOARD OF REVISION et al., Appellees.**

[Cite as *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision* (1997), 123 Ohio App.3d 166.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–96–054.

Decided Sept. 30, 1997.

168

*Dennis E. Murray, Sr., W. Patrick Murray* and *John T. Murray*, for appellant.

*James R. Gorry*, for appellee Erie County Auditor.

*Karrie M. Kalail*, for appellee Sandusky City School District Board of Education.

SHERCK, Judge.

This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas which affirmed the county auditor's valuation of a parcel of real estate. Because we conclude that the trial court did not abuse its discretion, we uphold its decision.

Appellant, Murray & Co. Marina, Inc., a subsidiary of Murray & Murray, Inc. ("the parent company"), leased 8.416 acres of submerged land in Lake Erie from the state of Ohio for use as a marina. Pursuant to the terms of the fifty-year lease, appellant paid the state $14,428 per year and became responsible for any property taxes assessed. Appellant constructed a one-hundred-eighty-one dock marina on the property and then leased the land/marina to Dock of the Bay Marina, Inc., another subsidiary of the parent company, for $12,060 per year. The marina property also includes a nine-hundred-foot steel retaining wall, known as the seawall.

On January 1, 1994, the county auditor revalued the property, assigning a $933,900 market value as to the 8.419 acres of land and a $360,000 market value as to the marina, for a total of $1,293,900. The assessed values, for taxation purposes, were $326,870 and $126,000, respectively, totaling $452,870.

Pursuant to R.C. 5715.13 and 5715.19, appellant then filed a complaint with appellee, the Erie County Board of Revision ("board"), requesting a reduction in the valuation to zero. The Sandusky City School District Board of Education, also an appellee in this action, filed a countercomplaint supporting the auditor's valuation.

The board held a hearing and three witnesses testified on appellant's behalf. James Sacher, a C.P.A., testified that he is the accountant for the parent company and its subsidiaries, appellant and Dock of the Bay, Inc. According to

Sacher, the true market value of the submerged land with improvements is zero. He testified that his determination was based upon the land residual calculation method, one of four methods permitted under the Ohio Administrative Code. In Sacher's opinion, because of the unique circumstances involved with this parcel, this was the only calculation method applicable. Sacher, however, acknowledged that he is not an appraiser and does not have a real estate license; nevertheless, he believed that his work experience qualified him to value the business.

Next, William Steuk, an attorney, testified as to the limited uses of the submerged land under the lease agreement with the state of Ohio.

Finally, William Smith, a realtor, testified that he agreed with Sacher's conclusions, opined that the marina would never be profitable, and concluded that its market value is zero. He also noted that when compared with other local marinas, he could find no rational explanation for the difference in the valuation of the property at issue. Smith also acknowledged that he is not a certified appraiser.

On October 5, 1995, the board confirmed the auditor's assessment. On November 1, 1995, pursuant to R.C. 5717.05, appellant filed an appeal from that decision to the Erie County Court of Common Pleas. The court affirmed the board's decision.

Appellant now appeals, setting forth the following four assignments of error:

"A. First Assignment of Error: The common pleas court erred in determining that the appellant failed to present sufficient competent and probative evidence of the true value of the subject property.

"B. Second Assignment of Error: The common pleas court erred by not making an independent determination of the value of the subject property.

"C. Third Assignment of Error: The common pleas court erred in determining that the board of revision's determination of the value of the subject property was not discriminatory and in violation of the Equal Protection Clause of the Fourteenth Amendment.

"D. Fourth Assignment of Error: The common pleas court erred in failing to consider all factors that affect the value of the subject property."

■ We initially note that, the standard of review [1] in this case is whether the common pleas court abused its discretion in making its determinations.

---

1. We note that a conflict exists as to the applicable standard of review. R.C. 2506.04 limits the scope of an administrative review to questions of law. However, we will apply the abuse of discretion standard utilized by the Supreme Court of Ohio in *Black v. Cuyahoga Cty. Bd. of Revision* (1985), 16 Ohio St.3d 11, 16 OBR 363, 475 N.E.2d 1264, paragraph one of the syllabus.

*Black v. Cuyahoga Cty. Bd. of Revision* (1985), 16 Ohio St.3d 11, 16 OBR 363, 475 N.E.2d 1264, paragraph one of the syllabus. An abuse of discretion is more than just an error of law; it must be demonstrated that the court's judgment was "unreasonable, arbitrary or unconscionable." *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252.

I

We will first address appellant's second and fourth assignments of error. Appellant, in its second assignment of error, argues that the trial court erred by not making an independent determination of the value of the property. In its fourth assignment of error, appellant claims that the court failed to consider all the factors affecting the value of the subject property.

R.C. 5717.01 provides for the appeal of a decision of a county board of revision to the Board of Tax Appeals ("BTA"). Alternatively, R.C. 5717.05 provides that such an appeal may be taken directly to the appropriate county court of common pleas. Thus, the common pleas court and the BTA fulfill the same function when reviewing a decision of a board of revision, and BTA case law may be applied to the common pleas court proceedings in such appeals. See *Mazzola v. Summit Cty. Bd. of Revision* (Dec. 22, 1993), Summit App. No. 16254, unreported, 1993 WL 539587 (an R.C. 5717.05 appeal relying on cases which are appeals from the BTA under R.C. 5717.01); and *Banbury Village, Inc. v. Cuyahoga Cty. Bd. of Revision* (Apr. 2, 1992), Cuyahoga App. No. 59980, unreported, 1992 WL 67633 (an R.C. 5717.05 appeal relying on cases that are appeals from the BTA under R.C. 5717.01).

Upon review, neither the property valuation by a board of revision nor an auditor's appraisal is entitled to a presumption of validity. *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision* (1994), 68 Ohio St.3d 493, 494–495, 628 N.E.2d 1365, 1365–1367; *Miller Investments v. Franklin Cty. Bd. of Revision* (Sept. 27, 1994), Franklin App. Nos. 94APH03–390, 94APH03–391, 94APH03–392 and 94APH03–393, unreported, 1994 WL 532113.

Nevertheless, a taxpayer has the initial burden and obligation to prove the right to a reduction when challenging a county auditor's valuation. *Springfield Local Bd. of Edn., supra; Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision* (1988), 37 Ohio St.3d 318, 319, 526 N.E.2d 64, 65–66. A taxpayer is "not entitled to the deduction claimed merely because no evidence is adduced contra his claim." *Western Indus., Inc. v. Hamilton Cty. Bd. of Revision* (1960), 170 Ohio St. 340, 342, 10 O.O.2d 427, 427, 164 N.E.2d 741, 743; *Higbee Co. v. Evatt* (1942), 140 Ohio St. 325, 332, 23 O.O. 543, 545–546, 43 N.E.2d 273, 276.

When reviewing a board of revision's decision, the role of the common pleas court is that of a fact finder, which must "independently weigh and evaluate all evidence properly before it. The court is then required to make an independent determination concerning the valuation of the property at issue. The court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the board of revision's determination. The *Cleveland* [*v. Cuyahoga Cty. Bd. of Revision* (1953), 96 Ohio App. 483, 55 O.O. 55, 115 N.E.2d 690] case does not, however, require a trial de novo." *Black v. Cuyahoga Cty. Bd. of Revision* (1985), 16 Ohio St.3d at 13–14, 16 OBR at 365, 475 N.E.2d at 1267. See, also, *Albrecht, Inc. v. Summit Cty. Bd. of Revision* (1987), 39 Ohio App.3d 115, 529 N.E.2d 1276; *Weiss v. Cuyahoga Cty. Bd. of Revision* (May 11, 1995), Cuyahoga App. No. 67681, unreported, 1995 WL 277091.

The common pleas court is not required to adopt the valuation of any witness, but is instead vested with wide discretion to determine the weight of the evidence and credibility of the witnesses. See *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1997), 77 Ohio St.3d 402, 408, 674 N.E.2d 696, 701; *Mentor Exempted Village Bd. of Edn. v. Lake Cty. Bd. of Revision, supra.* Moreover, a common pleas court is not required to adopt an appraisal methodology espoused by any expert or witness. *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 20 O.O.3d 349, 422 N.E.2d 846, paragraph one of the syllabus.

In this case, appellant contends that, in the absence of rebuttal evidence from the auditor, the court was obligated to accept appellant's valuation of "zero" as correct. As we have noted, this is an incorrect statement of the law. In reality, the court was under no obligation to accept appellant's witnesses' testimony as being the true value. Rather, after weighing all the testimony and evidence, the court found, in a well-reasoned and thorough decision, that appellant's valuation of "zero" was not adequately supported by what it considered to be competent evidence. The court then determined that the true market value of appellant's marina property remained at $1,293,000. Therefore, the record shows that the court considered all the evidence and issued an independent judgment as to the value of the property.

Appellant also contends that in order to make an "independent determination of value" the court was obligated to admit additional evidence at the hearing as to the property's value. Appellant argues that the court should have permitted it to subpoena the auditor for the purpose of documenting the assessment.

A common pleas court may but is not required to admit additional evidence when reviewing a tax valuation decision of a board of revision. See *Black v. Bd. of Revision*, 16 Ohio St.3d at 14, 16 OBR at 365–366, 475 N.E.2d at 1267–1268. As we stated above, the statutory scheme for appealing the auditor's assessment provides that the taxpayer has the initial burden to show his right to a reduction. See R.C. 5717.01 *et seq.* The auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a reduction.

In this case, regardless of the methods or documentation utilized by the auditor, appellant still had the initial burden of showing what the correct valuation should have been. Appellant did, in fact, present its own evidence as to the correct value. However, the court rejected this testimony, specifically according it no weight and further concluding that the "land residual method" was not an appropriate method of evaluating this property. Therefore, since appellant was not prevented from presenting its own evidence as to its right to a reduction, we cannot say that the court abused its discretion when it denied appellant's request for the admission of additional evidence. Appellant simply failed to properly shift the burden back to the auditor to defend his valuation.

Accordingly, appellant's second and fourth assignments of error are not well taken.

## II

Appellant, in its first assignment of error, contends that the trial court erred when it determined that appellant had "failed to present sufficient competent and probative evidence of the true value of its property." Appellant argues that the court improperly determined that its witnesses were not experts in appraisal and did not give proper consideration to their testimony.

Rulings concerning the admissibility of expert testimony are within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. *Frank v. Vulcan Materials Co.* (1988), 55 Ohio App.3d 153, 155, 563 N.E.2d 339, 342. In this case, the court determined that, although appellant's witnesses gave testimony which may be "probative and relevant" to the issue of value, their opinions of value were of no weight. The court reasoned that they were not qualified as experts in the field of real estate appraisal, since they were "not appraisers by trade nor are they certified by the state as appraisers or members of any real estate appraisal organizations." Upon review, we cannot say that the trial court abused its discretion in determining that the witnesses were not qualified as experts.

Appellant also argues that its witnesses' testimony was entitled to some weight, that a formal appraisal was not required, and that the valuation of appellant's witnesses properly considered the value of the "leased fee."

As we have already noted, the amount of weight to be given to such evidence is solely a question of fact to be determined by the common pleas court. See *Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 77 Ohio St.3d 402, 674 N.E.2d 696; *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 201, 527 N.E.2d 874, 877–878; *Black v. Bd. of Revision, supra.* The true value decision is a "question of fact which will be disturbed * * * only when it affirmatively appears from the record that such decision is unreasonable or unlawful." *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision, supra,* at 201, 527 N.E.2d at 877.

In this case, contrary to appellant's contention, we can find nothing in the record that indicates that the court required a formal appraisal. Rather, the court simply did not accept appellant's theories and evidence as to value. Therefore, we cannot say that the court abused its discretion in its assessment of the testimony and evidence presented by appellant's witnesses.

Accordingly, appellant's first assignment of error is not well taken.

### III

Appellant, in its third assignment of error, contends that the common pleas court erred in determining that the board's valuation was not discriminatory in violation of the Equal Protection Clause of the Fourteenth Amendment.

A discriminatory valuation claim requires proof that other property in the same class has been intentionally and systematically underassessed when compared with the taxpayer's own assessment. *Meyer v. Cuyahoga Cty. Bd. of Revision* (1979), 58 Ohio St.2d 328, 334, 12 O.O.3d 305, 308, 390 N.E.2d 796, 800. An equal protection claim under the Fourteenth Amendment to the United States Constitution must meet an even higher standard. There, the proponent must additionally show that there is no rational basis upon which the state might choose to systematically underassess a given class of property. See *MCI Telecommunications Corp. v. Limbach* (1994), 68 Ohio St.3d 195, 198, 625 N.E.2d 597, 599–600, citing *Nordlinger v. Hahn* (1992), 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1. Standing alone, a mere variance from the common level of assessment is insufficient to establish either claim.

In this case, on the one hand, appellant claims that its marina property is so unique that, for purposes of property valuation, no other comparable properties exist. Appellant then alleges, on the other hand, that when compared to other area marinas, its property was discriminatorily valued at a significantly higher

amount.[2] The values presented vary widely. However, as appellant acknowledges, each marina is different as to how it has been developed and the value which may be placed on it. We have already determined that the court's factual determination of the property valuation was supported by sufficient, probative evidence. Therefore, the court did not abuse its discretion in ruling that appellant failed to establish that the auditor's valuation was discriminatory.

Accordingly, appellant's third assignment of error is not well taken.

The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

GLASSER, J., concurs.

HANDWORK, J., dissents.

HANDWORK, Judge, dissenting.

I respectfully dissent from the majority's opinion. Because I believe that appellant was denied due process, the entire proceedings are fundamentally flawed.

The lower court found that appellant had failed to prove that a valuation of zero was appropriate for this property. Instead of dismissing the action on that basis, however, it went on to "independently determine the value" by merely accepting the auditor's valuation as the true value of the property even though there was no evidence supporting its accuracy. We need not even address the issue of whether this action was appropriate, however, because the reason for appellant's failure to present sufficient evidence to support its valuation was that it was denied due process.

Under R.C. 5715.10, the board of revision may call before it any person to testify as to the valuation of real property. R.C. 119.09 gives the administrative agency the authority to issue subpoenas either upon its own request or upon the request of a party receiving notice of the hearing. Furthermore, one Ohio appellate court has held that the board of revision has a duty to issue a subpoena upon a party's request. *Ohio State Bd. of Pharmacy v. Poppe* (1988), 48 Ohio App.3d 222, 228, 549 N.E.2d 541, 547–548.

---

**2.** We note that, appellant's "CHART (c)" of Exhibit 21 is somewhat misleading in that it adds another office building and property (assessed value of $683,970) as part of the marina property value, showing a total assessed value of $1,159,940. However, the assessed value of appellant's marina property alone is actually $452,870 for 8.49 acres.

In the case before us, the board of revision refused to subpoena the auditor to testify even though appellant had requested that the board do so. The auditor admits in his appellate brief that he did not prepare written appraisals for any property in the county and that the final assessment figures shown on the property record card is all the documentation that exists. Therefore, his testimony was necessary to be able to directly challenge his method of calculating the true value of the property.

The auditor argues that the board of revision need call only the auditor to testify when it wishes to change the value of the property, but there is no evidence in the record to support the change. The auditor relies upon *Shaker Square Co. v. Cuyahoga Cty. Bd. of Revision* (1960), 170 Ohio St. 369, 374, 11 O.O.2d 75, 77–78, 165 N.E.2d 431, 435. In the *Shaker Square* case, the board of revision lowered the auditor's assessed value. The Supreme Court of Ohio held that when the Board of Tax Appeals rejected the taxpayer's evidence of value, it should have then allowed additional examination and cross-examination as to the basis for the board of revision's decision before adopting it. I do not believe that the *Shaker Square* case supports the auditor's view. I interpret the holding in that case to be that when the basis for the valuation figure is not readily apparent in the evidence, the agency must give the taxpayer an opportunity to directly attack it through examination and cross-examination.

The majority and appellees place much emphasis upon the fact that appellant had the initial burden of proving its claim indirectly with its own evidence of value. The majority correctly cites the case law that holds that the burden of proof remains on the taxpayer to prove his right to a reduction and that the taxpayer is not entitled to a reduction solely because conflicting evidence was not presented. However, the majority overlooks the fact that this case does not involve a shifting of burdens of proof, but rather involves an interference with one party's ability to meet its burden of proof. The taxpayer in the case before us may have been able to prove its claim solely through examination of the auditor. There is no legal basis for forcing the taxpayer to find other evidence to prove that he is entitled to a reduction in value.

I also believe that appellant was denied due process with respect to its equal protection claim. Appellant should have been able to examine the auditor to prove that similar marinas in the area were valued differently.

With respect to both claims in this case, appellant was arbitrarily denied access to the key witness in the case.