OPINION
Plaintiff-appellant Herbert F. Salamon appeals the March 9, 1999, Judgment Entry of the Ashland County Common Pleas Court in which the court found the decision of the Board of Revision fair, equitable, and reasonable and set the market value, or true value, for tax purposes of the property in question to be $140,400.00 and the taxable value to be $49,150.00. Defendant-appellee is S.E. Ryland (Ashland County Auditor).
STATEMENT OF THE FACTS AND CASE, Plaintiff/Appellant, Herbert F. Salamon, purchased 10.011 acres as a newly created split of property from a larger piece of property owned by Byron E. Dillgard and Virginia R. Dillgard, on December 15, 1995, for the purchase price of $155,000.00. Appellant submits that the assessed value of the property at the time of purchase, in 1995, was $72,400.00. The property from which the 10.011 acres were split consisted of 64.08 acres, and in 1995, was assessed a market value by the auditor of $126,400.00. In 1996, the Ashland County Auditor assessed the fair market value of the 10.011 acres at $140,400.00, which resulted in a taxable value of $49,150.00. Appellant filed a complaint with the Ashland County Board of Revision as to the tax assessment on his real property. A hearing on the matter was held on May 21, 1997. At the hearing, appellant argued that he could have purchased the property at a lower price, if he had negotiated. He stated that he was in a hurry to purchase the real estate and avoided involvement in extensive negotiations by offering $155,000.00 for property listed at $157,000.00. Appellant contended that his understanding was that the property value, for tax purposes, was raised significantly due to the purchase price he paid. He argued this was unfair to him when compared to a longtime owner of property in the area because appellant's recent purchase caused a reappraisal higher than the proportionate 1996 increase in the appraisal of neighboring property which had been held by the same owner for a long time. The Board responded that the change in value was due to the change from agricultural use, pursuant to the Current Agricultural Use Valuation Program [hereinafter CAUV], to residential use. The Board focused on the size of the property, 10.011 acres. The Board explained that agricultural land, which qualified for CAUV, is taxed differently and at a lower unit rate. On June 4, 1997, the Secretary of the Board of Revision mailed a letter to the appellant informing him that there would be no change in the assessed value. The appellant filed a Notice of Appeal with the Ashland County Court of Common Pleas on June 30, 1997. The transcript and evidence were certified to the trial court on January 27, 1999. The trial court issued its Decision and Judgment Entry on March 9, 1999. The trial court found the explanation by the Board of Revision as to the increase in the market value after the land was split from the previous owner's land to be fair, equitable, and reasonable. The trial court found the market value of the property in question for tax purposes to be $140,400.00 and the taxable value to be $49,150.00. Appellant filed a Notice of Appeal with this court on April 5, 1999. In appellant's brief, appellant states that the neighboring, working farm properties consist of 80 acres with a true, or market, value of $177,500.00 and 30 acres with a true, or market, value of $153,800.00. Appellant maintains that his property has a true value of only $86,880.00, and that he simply made a bad bargain when he paid $155,000.00 for it. Appellant raises the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING THAT THE PROPERTY TAX ASSESSED TO THE PLAINTIFF-APPELLANT WAS FAIR, EQUITABLE, AND REASONABLE.
 ASSIGNMENT OF ERROR II THE BOARD OF REVISION DID NOT CERTIFY THE TRANSCRIPT AND EVIDENCE TO THE COURT WITHIN THIRTY DAYS AS REQUIRED BY OHIO REV. CODE ANN. § 5717.05.
 I.
In his first assignment of error, appellant contends that the trial court committed prejudicial error by finding the property tax assessed to be fair, equitable, and reasonable. We disagree. On a taxpayer's appeal from a Common Pleas Court decision setting the valuation of real property, the standard of review is whether the Common Pleas Court abused its discretion in making its determinations. Black v. Cuyahoga Cty. Bd. Of Revision (1985),16 Ohio St.3d 11, 16 OBR 363, 475 N.E.2d 1264, paragraph one of the syllabus. An abuse of discretion is more than just an error of law; it must be demonstrated that the court's judgment was unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126,482 N.E.2d 1248, 1252. Upon review of a property valuation, neither the valuation by the Board of Revision nor an auditor's appraisal is entitled to a presumption of validity. Springfield Local Bd. of Edn. V. Summit Cty. Bd. of Revision (1994), 68 Ohio St.3d 493,494-495, 628 N.E.2d 1365, 1365-1367. The role of the Common Pleas Court is that of a fact finder, which must "independently weigh and evaluate all evidence properly before it. Murray Company Marina Inc. v. Erie County Board of Revision (1997), 123 Ohio App.3d 166,173, 703 N.E.2d 846. The trial court is then required to make an independent determination concerning the valuation of the property at issue. Id. The trial court's review of the evidence should be thorough and comprehensive, and should ensure that its final determination is more than a mere rubber stamping of the Board of Revision's determination. Id. Nevertheless, a taxpayer has the initial burden and obligation to prove the right to a reduction when challenging a county auditor's valuation. Springfield Local Bd. of Edn., supra, at 494-495. The auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a reduction. Murray Company, supra, at 174. It is and has been the practice in this state for taxation purposes to establish an assessed value of less than actual value, in other words, to assess property for taxation only for a percentage of the actual value. Historically, this raised a question of uniformity. Taxation by uniform rule within the requirement of the constitutional provision requires uniformity in the mode of assessment. State ex rel. Park Investment Co. v. Board of Tax Appeals (1964), 175 Ohio St. 410, 413, 195 N.E.2d 908. Thus, inasmuch as property is not assessed on the basis of full or true value, the percentage of such value which is the basis of taxation or, in other words, the tax basis, must be relatively uniform not only throughout the state but also as to the various classes of real property. Id. We note that in the cases cited by appellant, it was not the true value of the property, or market value of the property, that was challenged. Rather, the questions before the court in those cases focused on the determination of whether property had been assessed on the basis of the same uniform percentage of actual value as other properties and did not focus on determination of whether fair market values of property were fair and equitable. In the case sub judice, there is no issue raised as to whether the assessed, taxable value was determined in a non-uniform fashion using a percentage rate of actual value different from other properties. The issue here is whether the true value, or market value, was determined fairly. According to the record before this court, the neighboring farms, to which appellant compares his property, qualified for the CAUV program. See, R.C. 5713.30 et seq. Further, the record reflects that the property from which appellant's land was split qualified for the CAUV program while it was combined with other property, for a total of 64.08 acres. In Renner v. Tuscarawas County Board of Revision et al. (1991), 59 Ohio St.3d 142, 572, N.E.2d 56, the Ohio Supreme Court explained the CAUV program. As the Court explained, under this program, an auditor disregards the highest and best use of the property and values the property according to its current agricultural use. Id. at 142. Generally, this results in the lower valuation of the property. Id. However, the Board of Revision states that when appellant's land was purchased by appellant and split from the sellers' remaining acres, appellant's land no longer qualified for this program. In order to qualify, there must be more than 10 acres, which, during the last three calendar years prior to the year an application is filed, were devoted exclusively to agricultural use or, if less than 10 acres, the land devoted to agricultural use must have produced yearly gross income of at least $2,500.00 during the last three years. R.C. 5713.30(A)(1) (2). Appellant contends that the value of his land was increased by the county auditor due to the sale of the land and that there was not a comparable increase in neighboring farms from which there was no sale of land. The record reflects that the Board of Revision based their determination of value of appellant's land not on the sale price of the land but on its change from agricultural land, qualified under the CAUV, to land not qualified for CAUV. After purchase by appellant, appellant's land consisted of one acre devoted to the homestead, therefore not devoted exclusively to agricultural use, and approximately nine acres of land which were arguably available to be devoted to agriculture. Appellant did not contend that this land qualified for the CAUV program nor did he apply for that program. Transcript of Hearing before the Ashland County Board of Review, at 8-9. The Board stated that this was the reason for the discrepancy between the value of appellant's land as compared to his neighbors' farms and explained the increase in the value of appellant's land, after the split from the sellers larger tract of land. The trial court found this explanation fair, equitable, and reasonable. We agree and find no abuse of discretion. We note that the Ohio Supreme Court has repeatedly held that "an actual, recent sale of property in an arm's-length transaction is the best evidence of its `true value in money'." Pingue v. Franklin County Board of Revision et al. (1999), 87 Ohio St.3d 62, 72OBR 62, 64. Revised Code 5713.03 requires that the auditor consider the sale price as the true value for taxation purposes if the property was sold in an arm's-length sale between a willing seller and a wiling buyer within a reasonable length of time, before or after the tax lien date. Id. (Citing Ratner v. Stark Cty. Bd. of Revision (1986),23 Ohio St.3d 59, 23 OBR 192, 491 N.E.2d 680). In this case, it would appear that the Auditor agreed with appellant that he over paid for the land since the sales price was $155,000.00 and the Auditor valued the land at $140,400.00. As to the assessed value of appellant's property, the burden is upon the taxpayer to justify a reduction in the valuation of the property. Renner, supra, at 145. At the hearing before the Board of Review, appellant stated his belief that he paid more for the property than it was worth. Appellant declared that the value of the property was $86,880.00. It appears from the record that appellant arrived at this figure by increasing the purported 1995 assessment of his land by twenty percent. The trial court had a duty to consider the evidence before it and, upon independent review, to determine if appellant satisfied his burden to justify reduction. In this case, the trial court found the fair market value of the property in question to be $140,400.00, with a taxable value of $49,150.00. Based upon the record before us, we find no abuse of discretion. The land is no longer qualified for the CAUV program and appellant offered little evidence in regards to comparable properties and the value of his own property. Appellant's first assignment of error is overruled.
 II.
In appellant's second assignment of error, he argues that the Board of Revision did not certify the transcript and evidence from the hearing on this matter within thirty days, as required by R.C.5717.05. Appellee concedes that the record was not certified within the time period prescribed by statute, but argues that appellant was not thereby prejudiced. We agree that any error was harmless. Revised Code § 5717.05 does require the Board of Revision to certify the record of proceeding before it within thirty days after notice of appeal to the trial court. The record before us does not reflect any direct action taken by appellant to notify the court of the delay nor motion to the court to remedy the situation. As appellee argues, appellant has given no argument as to how he was prejudiced by this delay. Based upon the record before us and our holding as to appellant's first assignment of error, we find any delay in filing the certified record was harmless. Appellant further argues that the trial court should have conducted a hearing pursuant to the statute. In Black v. Bd. of Revision (1985), 16 Ohio St.3d 11, 475 N.E.2d 1264, paragraph one of the syllabus, the Ohio Supreme Court held: R.C. 5717.05
does not require a trial de novo by courts of common pleas on appeals from decisions of county boards of revision. The court may hear the appeal on the record and evidence thus submitted, or, in its discretion, may consider additional evidence. The court shall independently determine the taxable value of the property whose valuation or assessment for taxation is complained of, or, in the event of discriminatory valuation, shall determine a valuation that corrects such discrimination. The judgment of the trial court shall not be disturbed absent a showing of abuse of discretion.
The record does not reflect that any additional evidence was sought to be presented to the trial court. The record certified to the trial court appeared to be complete and appellant did not challenge the certified record as inaccurate or incomplete. We find no abuse of discretion in the court's determination to proceed without further hearing.
Appellant's second assignment of error is overruled. The Judgment of the Ashland County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. and Hoffman, J. concurs.