JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ridgehaven Properties, LLC ("Ridgehaven"), appeals the trial court's decision affirming the Board of Revision's ("BOR") finding that the taxable value of Ridgehaven's property is $330,000. It assigns the following three errors for our review:
 "I. The trial court erred in electing not to hear the appeal de novo."
 "II. The trial court erred in ruling that the value of the property was based upon an arm's length sale."
 "III. The trial court erred by inferring from the evidence that the condition of the property at the time of the sale constituted the best evidence of value when, in fact, the court did not conduct a trial and take evidence. Therefore, the court's action constituted an abuse of discretion and the decision is against the manifest weight of the evidence."
 {¶ 2} Having reviewed the record and pertinent evidence, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} The Ridgehaven property consists of a seven-unit apartment building located on Rocky River Drive in Berea, Ohio. On August 2, 2005, Ridgehaven purchased the property for $350,000. The Cuyahoga County Auditor had valued the property for the 2005 tax year at $150,000. Because the purchase price was greater than the auditor's value, the Board of Education of the Berea City School District ("BOE") filed a complaint with the Cuyahoga County Board of Revision, pursuant to R.C. 5715.19, challenging the auditor's 2005 tax valuation of the property. *Page 4 
 {¶ 4} The BOR conducted a hearing on November 9, 2006. In support of its argument that the property should not be valued at its $350,000 purchase price, Ridgehaven presented evidence of repairs needed on the property. According to Ray Shepard, one of the Ridgehaven principals, the fire escape needed to be replaced and the retention wall above the MetroParks needed to be replaced entirely.
 {¶ 5} On December 4, 2006, the BOR issued its decision, which increased the taxable value of the property from $150,000 to $330,000. This was $20,000 less than the purchase price. Apparently, the BOR considered the testimony concerning the repairs needed on the property and granted Ridgehaven a slight reduction from the purchase price.
 {¶ 6} Ridgehaven appealed the BOR decision to the Cuyahoga Court of Common Pleas. The parties submitted briefs on the issue, and the BOR record was also submitted to the court. The trial court subsequently affirmed the BOR decision, stating:
 "Upon consideration of the entire record, the court hereby affirms the Board of Revision's valuation of the taxable value of the subject property at $330,000. A taxpayer has the burden of proving the right to a reduction. A taxpayer is not entitled to a claimed reduction merely because no evidence is introduced to contest his claim. In this case, the evidence shows a market value of $350,000 based upon the arm's length sale. It may also be reasonably inferred from the evidence that the needed repairs and other reasons the taxpayer alleges reduced the value of the property existed at the time of the sale, hence the sale price is the *Page 5 best evidence of the value of the property "as is" at the time of the sale.
 "Pursuant to R.C. 5717.05, the court hereby certifies the County Auditor that the taxable market value of permanent parcel no. 364-100 (known as 11-23 Rocky River Drive, Berea, 44017) is $330,000."[1]
 De Novo Hearing {¶ 7} Ridgehaven's first and third assigned errors will be addressed together because they both relate to Ridgehaven's contention the trial court erred by not conducting a de novo hearing.
 {¶ 8} The Ohio Supreme Court in Black v. Bd. of Revision of CuyahogaCty[2] held as follows:
 "R.C. 5717.05 does not require a trial de novo by courts of common pleas on appeals from decisions of county boards of revision. The court may hear the appeal on the record and evidence thus submitted, or, in its discretion, may consider additional evidence. The court shall independently determine the taxable value of the property whose valuation or assessment for taxation is complained of, or, in the event of discriminatory valuation, shall determine a valuation that corrects such *Page 6 discrimination. The judgment of the trial court shall not be disturbed absent a showing of abuse of discretion."[3]
 {¶ 9} Thus, because R.C. 5717.05 does not require that the trial court conduct a hearing de novo, the court did not err by independently determining the property's value by examining the record. Accordingly, Ridgehaven's first and third assigned errors are overruled.
 Arm's-length transaction {¶ 10} In its second assigned error, Ridgehaven claims the trial court erred by finding the sale of the property to Ridgehaven was an arm's-length transaction.
 {¶ 11} On a taxpayer's appeal from the common pleas court decision setting the valuation of real property, the standard of review is whether the common pleas court abused its discretion in making its determination.[4] An abuse of discretion is more than just an error of law; it must be demonstrated that the court's judgment was unreasonable, arbitrary or unconscionable.[5] When the common pleas court reviews the BOR decision, it should not give deference to the valuation by the BOR or the *Page 7 
auditor's appraisal.[6] The common pleas court acts as the fact-finder, which must "independently weigh and evaluate all evidence properly before it."[7] The trial court is then required to make an independent determination concerning the valuation of the property at issue.[8]
 {¶ 12} A taxpayer has the initial burden and obligation to prove the right to a reduction when challenging a county auditor's valuation.[9]
The auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a reduction.[10]
 {¶ 13} Section 5713.03, Ohio Revised Code, provides in part as follows:
 " * * * In determining the true value of any tract, lot, or parcel of real estate under this section, if such tract, lot, or parcel has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes." *Page 8 
 {¶ 14} The Supreme Court has consistently held that the best evidence of the true value of real property is an actual, recent sale of the property in an arm's-length transaction.[11] In the instant case, the property was recently sold to Ridgehaven for $350,000. Ridgehaven claims this was not an arm's-length sale because the principals of Ridgehaven relied on the recommendation of the mother of the seller who told them it was a good investment. The principals knew the mother because she performed credit checks for them in connection with Ridgehaven's business dealings.
 {¶ 15} The Ohio Supreme Court has held that an "arm's-length transaction" involves three components: (1) it is voluntary, (2) it generally takes place in an open market, and (3) the parties act in their own interests.[12] The fact that the seller's mother encouraged the Ridgehaven principals to purchase the property did not affect the character of the arm's-length transaction. It is certainly not unexpected that the mother of a seller would make such representations. Her representations did not excuse Ridgehaven from conducting its own inspection of the property to *Page 9 
determine its condition and value. An inspection prior to the purchase would have revealed the condition of the property.
 {¶ 16} Moreover, one of the principals, Ray Shepard, testified he voluntarily entered into the purchase and was aware he could have negotiated a different price, but instead chose to purchase the property at the price listed by the buyer. Thus, there is no evidence he was under financial duress to purchase the property.
 {¶ 17} Additionally, because Ridgehaven took out a mortgage in order to purchase the property, an appraisal by the bank was conducted. The bank appraised the property value at $350,000. Under these circumstances, we conclude the purchase was the result of an arm's-length transaction, and that the trial court did not abuse its discretion by accepting the BOR's valuation of the property at $330,000, which allowed for a $20,000 reduction from the purchase price due to necessary repairs. Accordingly, we overrule Ridgehaven's second assigned error.
Judgment affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Judgment Entry, May 29, 2007.
[2] (1985), 16 Ohio St.3d 11.
[3] Id. See, also, Cent. Motors Corp. v. J. Timothy McCormack (July 28, 1994), Cuyahoga App. Nos. 65976-65979; Banbury Village, Inc. v.Cuyahoga Cty. Bd. of Revision (Apr. 2, 1992), Cuyahoga App. No. 59980.
[4] Black, supra at paragraph one of the syllabus.
[5] Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
[6] Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision
(1994), 68 Ohio St.3d 493, 494-495.
[7] Murray Co. Marina, Inc. v. Erie Cty. Bd. of Revision (1997), 123 Ohio App.3d 166, 173.
[8] Id.
[9] Springfield Local Bd. of Edn., supra at 494-495.
[10] Murray Co., supra at 174.
[11] Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. ofRevision, 106 Ohio St.3d 269, 2005-Ohio-4979; Conalco v. Bd. ofRevision (1977), 50 Ohio St.2d 129, paragraph one of the syllabus;Bd. of Revision of v. Fodor (1968), 15 Ohio St.2d 52; State, ex rel.Park Invest. Co. v. Bd. of Tax Appeals (1964), 175 Ohio St. 410.
[12] Walters v. Knox Cty. Bd. of Revision (1989), 47 Ohio St.3d 23, syllabus. *Page 1