[Cite as *DCWI-77, L.L.C. v. Montgomery Cty. Aud.*, 2012-Ohio-728.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

DCWI-77, LLC                                              :

    Plaintiff-Appellant                               :          C.A. CASE NO.    24649

v.                                                        :          T.C. NO.    2009CV9260

MONTGOMERY COUNTY AUDITOR,          :            (Civil appeal from
et al.                                                              Common Pleas Court)

    Defendants-Appellees                          :

                                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___24th___ day of ___February___, 2012.

. . . . . . . . . .

RICHARD B. REILING, Atty. Reg. No. 0066118, 5045 N. Main Street, Suite 320D, Dayton, Ohio 45415
    Attorney for Plaintiff-Appellant

LAURA G. MARIANI, Atty. Reg. No. 0063204, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Defendants-Appellees

. . . . . . . . . .

FROELICH, J.

{¶ 1}   DCWI-77, LLC, appeals from a judgment of the Montgomery County Court of Common Pleas, which  affirmed the decision of the Montgomery County Board of Revision ("BOR") as to the value of its residential property located at 4838

Loxley Drive in Dayton, Ohio.

{¶ 2} DCWI-77 purchased the property from the Department of Housing and Urban Development ("HUD") in December 2008; the sale price was $50,200. The Montgomery County Auditor appraised the property for the 2008 tax year at $87,210.

{¶ 3} In March 2009, DCWI-77 filed a complaint against the valuation of the Loxley property for the 2008 tax year; at the same time, DCWI-77 filed complaints against the valuation of numerous other properties it owned in the area. The Loxley complaint listed the property's recent purchase price as $50,200, but it asserted that the fair market value of the property was $73,563, an amount that reflected the prior appraisal by the county auditor. In other words, DCWI-77 sought to have the BOR modify the value from the newly assessed value of $87,210 to the previously assessed value of $73,563, rather than to the sale price of $50,200.[1] Following a hearing on DCWI-77's complaint, the BOR left the assessed value of property at $87,210.

{¶ 4} DCWI-77 appealed to the court of common pleas. DCWI-77 requested a hearing in the trial court, arguing that "the value of the property was no more than the previous appraised value [$73,563] as the property certainly did not increase in value during the recent economic downturn." On appeal to the trial court, DCWI-77 relied on "the sale at arm's length between a willing seller [HUD]

---

[1] In its notice of administrative appeal, DCWI-77 stated that the market value of the property was $67,000. The reason for this discrepancy is unclear, but DCWI-77 repeatedly asserted in other documents, including its complaint, that it believed the property should be valued at $73,563.

and a willing buyer [DCWI-77]," and argued that the auditor was required to consider the sale price to be the true value for taxation purposes. The court rejected DCWI-77's claim and affirmed the BOR's decision valuing the property at $87,210 for tax year 2008.

{¶ 5} DCWI-77 appeals, raising two assignments of error.

I. THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE APPELLANT HAD RAISED A REBUTTABLE PRESUMPTION THAT TRUE VALUE OF THE REAL PROPERTY WAS THE SALE PRICE.

{¶ 6} DCWI-77 contends that the trial court erred in failing to value the Loxley property at an amount lower than the amount assessed by the auditor and the BOR.

{¶ 7} For tax purposes, the county auditor must determine the "true value" of each parcel of real estate from the best sources of information available, in accordance with the rules prescribed by R.C. Chapter 5713 and R.C. 5715.01 and with "uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner." R.C. 5713.03; *Park Place Properties, LLC v. Bd. of Revision of Miami Cty.*, 2d Dist. Miami No. 2001-CA-35, 2002 WL 242707, *4 (Feb. 15, 2002). With regard to true value, R.C. 5713.03 further provides that

> if such tract, lot, or parcel has been the subject of an arm's length sale
> between a willing seller and a willing buyer within a reasonable length
> of time, either before or after the tax lien date, the auditor shall
> consider the sale price of such tract, lot, or parcel to be the true value

for taxation purposes.

{¶ 8} In applying these statutes, the Supreme Court of Ohio has "recognized a rebuttable presumption that the sales price reflects the true value of property," but has also acknowledged that this presumption goes hand-in-hand with a rebuttable presumption "that the sale has met all the requirements that characterize true value," including that the sale was made at arm's length. *Cincinnati School Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). An arm's-length sale is characterized by the following elements: "it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Walters v. Knox County Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989). "[I]f evidence is introduced that the sale did not reflect true value, and more specifically, that the sale was not an arms-length transaction, the rebuttable presumption [that the sale price reflects the true value] either disappears or never arises." *Park Place Properties* at *4, citing *Cincinnati Bd. of Edn. v. Hamilton Cty. Bd. of Revision, supra*, at 327.

{¶ 9} The taxpayer has the burden of proving entitlement to a decrease in valuation, and "the auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a reduction." *Park Place Properties* at *13, citing *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision*, 123 Ohio App.3d 166, 174, 703 N.E.2d 846 (6th Dist. Erie 1997).

{¶ 10} On an appeal from a decision of a board of revision, the trial court

independently weighs and evaluates the evidence presented to make a determination regarding the valuation of a property; a trial de novo by the court of common pleas is not required, but the court may consider additional evidence submitted by the parties. R.C. 5717.05; *Black v. Bd. of Revision of Cuyahoga Cty.,* 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). The common pleas court then independently values the property, and its decision is not to be reversed absent an abuse of discretion. *Siebenthaler Co. v. Montgomery Cty. Bd. of Revision*, 74 Ohio App.3d 103, 105, 598 N.E.2d 78 (2d Dist. Montgomery 1991), citing *Black*, 16 Ohio St.3d 11. If the trial court finds that the evidence on which the BOR relied was not reliable or probative, it may reject the BOR's conclusion. *Berner v. Sodders*, 2d Dist. Clark No. 2010 CA 40, 2010-Ohio-4914, ¶33.

{¶ 11} DCWI-77's complaint listed the 2008 sale price as $50,200. A settlement statement attached to the complaint indicated that the property, a single-family dwelling, was purchased from HUD at that price. A "Comparable Sale Analysis Report" was also attached to the complaint, which compared the Loxley property to five other properties that sold in 2007. All of the comparable properties presented on the report sold for more than $100,000.

{¶ 12} At its hearing, the BOR considered complaints against the valuation of eleven properties owned by DCWI-77, which were apparently in the same general area. DCWI-77 discussed its properties collectively; no testimony was specifically addressed to the Loxley property. DCWI-77's agent, Scott Wright, testified that the average price of the eleven homes was $67,500, which was almost $20,000 less than the average value assessed by the county. Wright also presented evidence

of sales that he alleged to be comparable in Miami Township and Kettering in 2007 and 2008, asserting that "the values that we're asking for certainly can seem more in line with the actual values versus where the county currently has the values at." Based on his analysis of the data, Wright argued that "these properties should be valued * * * at sixty-seven and seventy-five.  At the very least they shouldn't raise."  No evidence was presented at the hearing in favor of the county's valuation.

{¶ 13} As a preliminary matter, we will address DCWI-77's argument that its introduction of evidence of the sale price created a rebuttable presumption that the sale price was the true value of the property, which shifted the burden to the county to show that the sale was not an arm's length transaction or otherwise did not represent the true value.  Because the county did not present any evidence in support of its valuation, DCWI-77 argues that the county failed to rebut the presumption that the sale price reflected the true value.  The record, however, does not support this conclusion.  DCWI-77 did not argue before the BOR that $50,200 was the true value of the Loxley property.  In its complaint, it asserted that $73,563 was the fair market value of the property, and its agent argued at the hearing that the value (of each of the disputed properties) was between "sixty-seven and seventy-five" thousand dollars.  There is no evidence that DCWI-77 asked the BOR to treat $50,200 as the true value of the property, and its complaint certainly did not put the county on notice of such a claim.  Based on the record before us, it appears that DCWI-77 advanced this argument for the first time on appeal to the court of common pleas.  Under these circumstances, where DCWI-77's own complaint asserted that the true value of the property was

significantly higher than the sale price, we cannot conclude that the county had the burden to rebut any statutory presumption that the sale price was the true value of the property.

{¶ 14} Based on the record from the BOR, the trial court concluded that DCWI-77 had:

> not presented competent and probative evidence to make its case [about the Loxley property]. [DCWI-77] has not cited to the transcript to show that Mr. Walther[2] or Mr. Wright testified that the correct value for this specific property was the sale price of $50,200. There is no testimony that the sale was an arms length transaction. The Court has reviewed the transcript in its entirety and has failed to find any testimony to this effect. Further, [DCWI-77] has failed to present competent and probative evidence that the property should be valued at $73,563. [DCWI-77] has not sustained its burden of persuasion. Review of the transcript of the hearing herein does not disclose any examination of the appraiser for the Auditor which causes his method or conclusion to come into question.

{¶ 15} The trial court provided a reasonable basis for its conclusion that DCWI-77 had failed to demonstrate that it was entitled to have the property valued at a lesser amount or, specifically, at $73,563. We find no basis to disturb its conclusion.

---

[2] In the transcript, much of the testimony at the hearing before the BOR is attributed to one or more "unidentified speaker[s];" other testimony is attributed to Wright. The transcript does not contain any testimony attributed to "Mr. Walther."

{¶ 16} The first assignment of error is overruled.

II.   THE TRIAL COURT ERRED BY FAILING TO ADOPT THE APPELLANT'S VALUATION OR IN THE ALTERNATIVE IN FAILING TO SET A HEARING TO DETERMINE THE TRUE VALUE OF THE REAL PROPERTY.

{¶ 17} The second assignment of error duplicates some of the arguments raised in the first assignment; we have addressed those arguments.   However, this assignment presents an additional argument that the trial court should have "set a hearing to determine the true value of the Real Property."

{¶ 18} As we stated above, a trial de novo by the court of common pleas is not required in an appeal from a BOR decision; the court "may hear the appeal on the record and the evidence * * * submitted, or it may hear and consider additional evidence."   R.C. 5717.05;   *see also Black v. Bd. of Revision of Cuyahoga Cty., supra,* at 14.

{¶ 19} DCWI-77 has advanced no specific argument in support of its assertion that the trial court should have held a hearing, and it did not suggest to the trial court and has not suggested to us what additional evidence it would have offered at such a hearing.   We cannot conclude on this record that the trial court abused its discretion in failing to take additional evidence.

{¶ 20} The second assignment of error is overruled.

{¶ 21} The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Richard B. Reiling
Laura G. Mariani
Hon. Timothy N. O'Connell