[Cite as *Zimmerman v. Montgomery Cty. Aud.*, 2013-Ohio-5044.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD ZIMMERMAN | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.    25775 |
| v. | : | T.C. NO.    12CV6768 |
| MONTGOMERY COUNTY AUDITOR, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____15th____ day of ____November____, 2013.

. . . . . . . . . .

D. ANDREW VENTERS, Atty. Reg. No. 0083246, 314 West Main Street, Troy, Ohio 45373  Attorney for Plaintiff-Appellant

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendants-Appellees

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Richard Zimmerman appeals from a judgment of the Montgomery

County Court of Common Pleas, which overruled Zimmerman's administrative appeal and valued his Pershing Boulevard property at $63,590 for tax year 2011, the same value assessed by the county auditor and adopted by the board of revision. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} This matter concerns two properties owned by Zimmerman: 2755 Springmont Avenue and 1924/1926 Pershing Boulevard. The Springmont property is Zimmerman's residence and the Pershing property is a duplex that Zimmerman rents to residential tenants. The Montgomery County Auditor valued the properties as $74,720 and $63,590, respectively, for tax year 2011.

{¶ 3} Zimmerman filed a property value complaint with the Montgomery County Board of Revision (BOR), asserting that proper valuations for the properties were $57,900 for the Springmont property and $56,980 for the Pershing property. After a hearing, the BOR lowered the value for the Springmont property to $67,150 (from the auditor's value of $74,720), but did not change the value of the Pershing Boulevard property. The BOR concluded that Zimmerman had not met his burden of proof concerning the Pershing property.

{¶ 4} Zimmerman appealed the BOR decisions to the Montgomery County Court of Common Pleas, pursuant to R.C. 5717.05. After additional briefing, the trial court sustained Zimmerman's appeal as to the Springmont property and adopted Zimmerman's valuation of $57,900 (from the BOR's value of $67,150) for tax purposes for that property. However, the trial court overruled Zimmerman's appeal as to the Pershing property. Addressing the Pershing property, the court stated that Zimmerman's "comparisons for the

Board hearing were very narrow. In addition, the appraiser's report was very far removed from the valuations of both the Board and the Appellant." The trial court adopted the BOR's and auditor's valuation of $63,590 for tax purposes.

{¶ 5} Zimmerman appeals from the trial court's ruling regarding the Pershing property. His sole assignment of error states:

THE COMMON PLEAS COURT ERRED IN REVERTING TO THE AUDITOR'S VALUE FOR THE PERSHING PROPERTY, RATHER THAN MAKING A FINDING OF FACT BASED ON THE EVIDENCE PROVIDED.

{¶ 6} For tax purposes, the county auditor must determine the "true value" of each parcel of real estate from the best sources of information available, in accordance with the rules prescribed by R.C. Chapter 5713 and R.C. 5715.01 and with "uniform rules and methods of valuing and assessing real property as adopted, prescribed, and promulgated by the tax commissioner." R.C. 5713.03; *Park Place Properties, L.L.C. v. Bd. of Revision of Miami Cty.*, 2d Dist. Miami No. 2001-CA-35, 2002 WL 242707, *4 (Feb. 15, 2002).

{¶ 7} "[T]he auditor's initial determination of value for a given tax year possesses an increment of prima-facie probative force." *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 31; *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2013-Ohio-4543, ___ N.E.2d ___, ¶ 17. The taxpayer has the burden of proving entitlement to a decrease in valuation, and "the auditor has no corresponding burden to defend its initial valuation until the taxpayer has presented credible, probative evidence of the right to a

reduction." *Park Place Properties* at *13, citing *Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision*, 123 Ohio App.3d 166, 174, 703 N.E.2d 846 (6th Dist.1997); *Dublin City Schools Bd. of Edn.* at ¶ 14.

{¶ 8} On an appeal from a decision of a board of revision, the trial court independently weighs and evaluates the evidence presented to make a determination regarding the valuation of a property; a trial de novo by the court of common pleas is not required, but the court may consider additional evidence submitted by the parties. R.C. 5717.05; *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). The common pleas court then independently values the property, and its decision is not to be reversed absent an abuse of discretion. *Siebenthaler Co. v. Montgomery Cty. Bd. of Revision*, 74 Ohio App.3d 103, 105, 598 N.E.2d 78 (2d Dist.1991), citing *Black*, 16 Ohio St.3d 11, 475 N.E.2d 1264.

{¶ 9} "[T]he board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA [or common pleas court] is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof * * *." *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23. However, the common pleas court may not retain the county's valuation "when the record affirmatively negates the validity of the county's valuation." *Dublin City Schools Bd. of Edn.* at ¶ 14, citing *Colonial Village* at ¶ 24. "Even if some evidence tends to negate the auditor's valuation, it is proper to revert to that valuation when the BTA finds that the owner has not proved a lower value and there is otherwise 'no evidence from which the BTA can

independently determine value.'" *Dublin City Schools Bd. of Edn.* at ¶ 21, quoting *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 24.

{¶ 10} According to the documents provided at the BOR hearing, 1924/1926 Pershing Boulevard is a two-story brick duplex with a total of ten rooms, including four bedrooms and two full bathrooms. The total living space in the property is 2,112 square feet. The property is in fair condition. Zimmerman indicated that the property generated gross operating rent of $9,350.

{¶ 11} At the BOR hearing, Zimmerman compared the Pershing property with a property located at 3321/3323 Wayne Avenue, which he also owns. The Wayne property is a two-story aluminum duplex with twelve rooms, including six bedrooms and two full bathrooms. The total living area is 2,424 square feet. Zimmerman stated that the property earned gross operating rent of $11,980. Zimmerman argued to the BOR that the Wayne property had more bedrooms per residence (three v. two), a larger living area, a larger garage, and brought in more annual rent. He emphasized that the Wayne property was valued at $56,980 for 2011 tax purposes, which was less than the auditor's 2011 tax valuation for the Pershing property ($63,590).

{¶ 12} Zimmerman also presented a comparable sales analysis report that he had received from the county auditor's office. The report compared the Pershing property with five other properties, including the Wayne property. Zimmerman asserted that the Wayne property was the only comparable property, as the other four were not located near Pershing Boulevard. Zimmerman further argued to the BOR that the property value for the Pershing property was not lowered, despite a general decline in property values, because he had filed a complaint about the

property's value for the prior triennium.

{¶ 13} On appeal to the common pleas court, Zimmerman attached to his brief a Uniform Residential Appraisal Report that was prepared in October 2012. The appraisal compared the Pershing property to three properties with adjusted sales prices between $26,600 and $39,950. Using a cost approach, the appraisal concluded that the Pershing property's depreciated value was $36,516.

{¶ 14} The BOR and Montgomery County Auditor submitted to the trial court an affidavit by Sharon Lemle, a certified residential property appraiser employed by Tyler Technologies, Inc., which performs the real estate valuations for real estate tax purposes for properties located in Montgomery County. Lemle stated that she had reviewed the comparable properties provided by Zimmerman to the BOR and the comparable properties that were included in the appraisal report attached to Zimmerman's brief. She stated that those properties were "limited to lower value homes. A more complete list of comparable homes reveals a broader spectrum of values; some homes, valued lower than the two subject properties [Springmont and Pershing] and some homes, being valued higher than the subject properties."

{¶ 15} Lemle attached a "more complete list of comparable home and sales" to her affidavit. She indicated that the included properties "are located in the same area and have appropriate elements of comparison for valuation purposes. The method I used to locate these similar comparable properties prevents a 'cherry-picking' of comparable properties. Thus, a list of only lower value or only higher-value comparables is avoided." The list for the Pershing property includes eight comparable properties, ranging in value from $37,400 to $63,590. The Pershing property had the highest appraised value on the list. Two properties on the list had sold

in the spring of 2011 for prices higher than the Pershing property's appraised value.

{¶ 16} Upon review of the record, we conclude that the trial court did not abuse its discretion in denying Zimmerman's appeal. Zimmerman argued to the BOR that the value of the Pershing property should not exceed that of 3321/3323 Wayne Avenue, which was valued at $56,980. However, he provided no independent evidence to the BOR of the Pershing property's actual value. In the trial court, Zimmerman presented an appraiser's report which indicated that the cost approach value for the property was $36,516 – more than $20,000 less than the value Zimmerman claimed. Given the evidence before it, the trial court reasonably concluded that Zimmerman had failed to meet his burden of proving entitlement to a decrease in the property's valuation and that there was insufficient evidence to ascertain the Pershing property's value. Accordingly, the trial court was permitted to adopt the county's valuation of the property.

{¶ 17} The assignment of error is overruled.

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

D. Andrew Venters
R. Lynn Nothstine
Hon. Barbara P. Gorman