**WISMAN et, Plaintiffs-Appellees v. CLEVELAND RAILWAY COMPANY et, Defendants-Appellants.**

**KINTNER, Plaintiff-Appellee v. CLEVELAND RAILWAY COMPANY et, Defendant-Appellants.**

**CURPHEY, Plaintiff-Appellee v. CLEVELAND RAILWAY COMPANY et, Defendant-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

**No. 19202.** Decided June 21, 1943.

E. S. Byers, Cleveland, Lex Kintner, Cleveland; A. W. Wisman, Bucyrus, for plaintiffs-appellees.

S. T. Gaines, Cleveland, B. W. Henderson, for defendants-appellants.

ROSS, P. J., MATTHEWS and HILDEBRANT, JJ. (First Dist.), sitting by designation.

## OPINION

BY THE COURT:

This matter is presented on the cross-appeals of the parties. The judgment in the trial court was predicated upon the report of appraisers after a hearing in which the methods and conclusions of such appraisers were examined by the court at length.

It is claimed the trial court incorrectly conceived its duty on the hearing upon the record of the appraisers.

The trial court in its opinion stated:

"Therefore, as the court views it it has only to consider whether or not the award of the appraisers is reasonable under all of the facts and circumstances, and in doing so to consider whether or not the appraisers were guilty of such manifest or obvious mistake as to work a fraud or an injustice of any kind upon the parties in arriving at their determination of the fair cash value of the shares."

An examination of the record fails to show that the amount fixed by the appraisers and court was unreasonable.

The court in fixing the date from which interest should run as the date of judgment also conformed its action to the provisions of the statute, §8623-72, GC.

It is the conclusion of the court therefore that no error prejudicial to either the appellants or cross-appellants having intervened that the judgment of the Common Pleas Court of Cuyahoga county should be affirmed.

ROSS, P. J., MATTHEWS and HILDEBRANT, JJ., concur.