OPINION
{¶ 1} RDSOR appeals a judgment of the Ohio Board of Tax Appeals which accepted the valuation of RDSOR's property, made by the Knox County Board of Revision for tax purposes. RDSOR assigns two errors to the Board:
 {¶ 2} "I. THE OHIO BOARD OF TAX APPEALS ERRED WHEN IT FAILED TO ADOPT THE VALUE OF THE SUBJECT PROPERTY AS ESTABLISHED BY THE KNOX COUNTY BOARD OF REVISION ON JUNE 12, 2003.
 {¶ 3} "II. THE OHIO BOARD OF TAX APPEALS ERRED IN THAT THEIR (sic) DECISION TO ADOPT THE AUDITOR'S [VALUE] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The property at issue consists of a 5,808 square foot parcel of land located at 135 South Main Street, Mount Vernon, Ohio. It is located in the Mount Vernon City taxing district of Knox County, Ohio and identified as parcel number 66-02280-000. The property is improved with a 12,520 square foot three store office building with gas heat, air conditioning, and a 2,000 pound passenger elevator.
 {¶ 5} RDSOR purchased the subject property in 1996 for $210,000. The taxable value for 2000 and 2001 tax years was $74,350, of which $15,250 was for the land and $59,100 for the improvements. A taxable value of $74,350 equates to a true value of $212,430.
 {¶ 6} The Knox County Auditor re-appraised the real property for the 2002 tax year. On re-appraisal, the County Auditor established the taxable value of the property at $259,330, of which $14,230 was for the land and $245,100 for the improvements. A taxable value of $259,330 equates to a true value of $740,940. *Page 3 
 {¶ 7} RDSOR did not agree with the auditor's valuation and appealed the matter to the Knox County Board of Revision. The Board of Revision purposed reducing the true value from $740,940 to $565,870. The proposal kept the same valuation for the land, but reduced the value of the improvements by $175,070. The proposal letter from the Board of Revision advised RDSOR if it accepted the new valuation, it must sign one copy of the acceptance form and return it to the Secretary of Board of Revision by July 3, 2003. The letter also advised if RDSOR did not agree with the purposed new value, it had the option to appear before the Board of Revision and present the facts upon which RDSOR based its request for a lower valuation. RDSOR did not sign the acceptance and chose to pursue its appeal instead.
 {¶ 8} After a hearing, the Knox County Board of Review confirmed the taxable value of the property to be the new valuation on the Auditor's current tax list, and therefore, it made no change in the new re-appraisal valuation.
 {¶ 9} RDSOR appealed the matter to the Ohio Board of Tax Appeals, which conducted a hearing, and then issued the decision and order from which this appeal is taken pursuant to R.C. 5717.04. The Board of Tax Appeals' decision and order, entered November 17, 2006, contains an extensive discussion of the facts.
 {¶ 10} R.C. 5717.04 provides if this court determines the decision of the Board is reasonable and lawful, we must affirm the decision, but if we determine the decision of the Board is unreasonable or unlawful, we may reverse and vacate the decision or modify it and enter final judgment in accord with the modification.
 {¶ 11} RDSOR concedes the Board of Tax Appeals is vested with wide discretion in determining the weight of the evidence and credibility of the witnesses, and this court *Page 4 
may not disturb the determination unless it finds a patent abuse of discretion, citing Cardinal Federal Savings and Loan Association v.Cuyahoga County Board of Review (1975), 44 Ohio St. 2d 13. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, at 219.
 I. {¶ 12} In its first assignment of error, RDSOR argues the Ohio Board of Tax Appeals should have found the true value of the property at issue to be $565,870, the proposed value as stated in the Board of Revision's letter of June 12, 2003. Appellees reply RDSOR never accepted the proposed valuation, and never asked the Board of Tax Appeals to adopt the value of $565,870.
 {¶ 13} At the hearing before the Board of Revision on September 24, 2003, Kenneth Dennis, one of the partners of the property owner, testified he tried unsuccessfully to justify the proposed valuation of $575,000, Trans. at 19-20. At the February 2, 2006 hearing before the Board of Tax Appeals, Dennis testified he had received correspondence from the Board of Revision indicating it proposed to change the true value from $740,940 to $565,870, but he conceded the Board did not actually adopt the proposed valuation, Trans. at 134-135.
 {¶ 14} Before the Board, appellees argued the proper valuation was $749,900, and RDSOR proposed a valuation of $200,000. RDSOR specifically argued the value of the property was not $565,870. Appellees argue there was no evidence ever presented to the Board that the true value of the property was $565,870. *Page 5 
 {¶ 15} In State ex rel. Smith v. O'Connor, 71 Ohio St. 3d 660,1995-Ohio-40, 646 N.E. 2d 1115, the Ohio Supreme Court reviewed an appeal where Smith asked the Court of Appeals to order a new trial either on all issues or on damages only. The appeals court ordered a new trial on all issues. In the Supreme Court, Smith argued the Court of Appeals was required to remand the matter only on the issue of damages. The Supreme Court disagreed, and noted under the Invited Error Doctrine, Smith could not take advantage of an alleged error which she invited or induced the trial court to make, Smith at 663, citations deleted. Similarly, we find RDSOR cannot now argue the correct valuation is $565,870 when it previously argued that figure was incorrect.
 {¶ 16} We find the Ohio Board of Tax Appeals did not err in failing to adopt the property valuation of $565,870. The first assignment of error is overruled.
 II. {¶ 17} In its second assignment of error, RDSOR argues the decision of the Ohio Board of Tax Appeals is against the manifest weight of the evidence.
 {¶ 18} In its decision and order of November 17, 2006, the Board of Tax Appeals cited Cleveland Board of Education v. Cuyahoga County Boardof Revision (1994), 68 Ohio St. 3d 336; Crow v. Cuyahoga Board ofRevision (1990), 50 Ohio St. 3d 55; and Mentor Exempted Village Board ofEducation v. Lake County Board of Revision (1988), 37 Ohio St. 3d 318 as authority for the proposition a party who seeks an increase or decrease in the value of real property has the burden of proof. If the appellant produces competent and probative evidence, any other party who proposes a different value has a corresponding burden to produce sufficient evidence to rebut the appellant's *Page 6 
evidence, Springfield Local Board of Education, supra; Mentor ExemptedVillage Board of Education, supra.
 {¶ 19} The decision and order of the Board of Tax Appeals discussed at some length the evidence RDSOR presented. The evidence consisted of the testimony and written appraisal report of Andrew J. Moye, a commercial real estate appraiser with the firm of Crown Appraisal Group. RDSOR also attempted to show the Auditor acted with impropriety selecting its appraiser. Finally, RDSOR presented the testimony of Kenneth Dennis, one of the partners of RDSOR, regarding the value of the property.
 {¶ 20} The Board of Tax Appeals found no evidence of impropriety in the selection of the county's appraiser, and held RDSOR had failed to discredit either the Auditor or the appraiser. The Board of Tax Appeals discussed and rejected Moye's appraisal, finding it is fatally flawed in its foundation, and utilizes unsupported generalizations. The Board found Moye's sales comparison approach has serious credibility problems both in its analysis and in Moye's knowledge of the purported comparables. The Board discussed the inadequacies of Moye's report at some length, and concluded it could not attribute any credibility to his report.
 {¶ 21} In Simmons v. Cuyahoga Board of Revision (1998),81 Ohio St. 3d 47, the Supreme Court held if an appellant does not present competent, credible evidence of a different value, and there is no evidence from which the Board can independently determine the value, it may adopt the Board of Revision's valuation.
 {¶ 22} We have reviewed the record, and we find the Board's decision is not against the manifest weight of the evidence. Accordingly, the second assignment of error is overruled. *Page 7 
 {¶ 23} For the foregoing reasons, the judgment of the Ohio Board of Tax Appeals is affirmed.
Gwin, P.J., Farmer, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ohio Board of Tax Appeals is affirmed. Costs to appellant. *Page 1