OPINION *Page 2 
{¶ 1} Appellants, the Knox County Auditor and Board of Education of the Mount Vernon School District, appeal the August 5, 2008 judgment entry of the Knox County Court of Common Pleas determining the taxable value of property owned by Appellee, RDSOR. The facts giving rise to this appeal are as follows.
 {¶ 2} The property at issue consists of a 5,808 square foot parcel of land located at 135 South Main Street, Mount Vernon, Ohio. It is located in the Mount Vernon City taxing district of Knox County, Ohio and is identified as parcel number 66-02280-000. The property is improved with a 12,520 square foot, three-story office building with gas heat, air conditioning and a 2,000 pound passenger elevator.
 {¶ 3} RDSOR purchased the subject property in 1996 for $210,000. The taxable value for the 2000 and 2001 tax years was $74,350, of which $15,250 was for the land and $59,100 for the improvements. A taxable value of $74,350 equates to a true value of $212,430.
 {¶ 4} The Knox County Auditor re-appraised the real property for the 2002 tax year. On re-appraisal, the Auditor established the taxable value of the property at $259,330, of which $14,230 was for the land and $245,100 was for the improvements. A taxable value of $259,330 equates to a true value of $740,940.
 {¶ 5} RDSOR appealed the Auditor's valuation for the 2002 tax year to the Knox County Board of Revision ("BOR") pursuant to R.C. 5715.09. The BOR proposed reducing the true value from $740,940 to $565,870. The proposal kept the same valuation for the land, but reduced the value of the improvements by $175,070. *Page 3 
RDSOR did not accept the BOR's proposal and presented its arguments for depreciation on appeal before the BOR.
 {¶ 6} After the hearing, the BOR confirmed the taxable value of the property to be the new valuation on the Auditor's current tax list, and therefore, it made no change in the new re-appraisal valuation. RDSOR appealed the BOR decision to the Ohio Board of Tax Appeals ("BTA"). The BTA conducted a hearing and then issued its decision, adopting the valuation of the property as established by the BOR. RDSOR then appealed the BTA decision to this Court.
 {¶ 7} In RDSOR v. Knox County Board of Revision, 5th Dist. No. 2006-CA-38, 2007-Ohio-6823, we affirmed the decision of the BTA to set the value of the taxable value of the property at $740,940. In RDSOR's appeal, it argued that the BTA should have found the true value of the property at issue to be $565,870 — while arguing before the BTA the true value of the property was $200,000. This Court overruled RDSOR's Assignment of Error by invoking the invited error doctrine, finding that RDSOR could not argue the correct valuation was $565,870 when it previously argued the figure was incorrect. Id. at ¶ 15. We further reviewed the record and found the BTA decision to accept the BOR valuation was not against the manifest weight of the evidence. Id. at ¶ 22.
 {¶ 8} The Knox County Auditor appraised the subject property for the 2005 tax year. The Auditor appraised the property finding a true value of $745,010 for real property tax purposes, and a taxable value of $260,760.
 {¶ 9} RDSOR filed a complaint with the BOR for the tax year 2005, and the Board of Education of the Mount Vernon City School District filed a counter-complaint. *Page 4 
The BOR held an evidentiary hearing on August 15, 2006. Charles E. Snyder, an independent appraiser employed by RDSOR, provided an appraisal of the property and testified at the hearing regarding his appraisal. Based upon his valuations utilizing the income capitalization approach and sales comparison approach, Snyder determined the true value of the property was $302,000. Ken Dennis, the managing partner of RDSOR, also testified at the hearing. Neither the Auditor nor the Board of Education presented evidence at the hearing. John G. Cleminshaw, appraiser for the Auditor, was present at the hearing and questioned Snyder during the hearing. Cleminshaw did not testify.
 {¶ 10} On September 1, 2006, Cleminshaw submitted a letter to the BOR critiquing Snyder's appraisal methodology. Cleminshaw valued the property at $565,000.
 {¶ 11} The BOR issued its determination on October 3, 2006, reducing the true value of the property to $565,000, and found the taxable value to be $197,750. According to the guidelines established by R.C. 5717.01, RDSOR had the option of appealing the BOR decision to the BTA or court of common pleas. RDSOR filed an appeal from the BOR decision with the Knox County Court of Common Pleas pursuant to R.C. 5717.05 on October 31, 2006.
 {¶ 12} The parties issued discovery requests to each other and several orders extending discovery were issued by the trial court. On May 11, 2007, via Judgment Entry, the trial court issued its decision determining the fair market value of the property to be $302,000, and the taxable value to be $105,700. The trial court issued its decision without the parties filing briefs, basing its decision "on the certified transcript of the Board's record and all evidence offered before the Board . . .". *Page 5 
 {¶ 13} The Auditor and Board of Education appealed the decision to this Court in RDSOR v. Knox County Auditor, 5th Dist. No. 07-CA-12,2008-Ohio-897. We reversed and remanded the decision of the trial court, ordering the trial court to allow the parties to present their arguments before issuing its decision.
 {¶ 14} The trial court issued a briefing schedule and the parties filed their respective briefs with the trial court. On August 5, 2008, the trial court issued its decision, stating that it had considered the certified transcript of the BOR's record, all evidence offered before the BOR and the briefs submitted by the parties. The trial court found RDSOR met its burden of proof for depreciation in the fair market value of the property and set the true value of the property at $302,000, and the taxable value at $105,700.
 {¶ 15} It is from this decision the Auditor and Board of Education now appeal. Appellants raise two Assignments of Error:
 {¶ 16} "I. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN ACCEPTING AND RELYING ON THE APPRAISAL REPORT OF CHARLES SNYDER TO DETERMINE THE TRUE VALUE OF APPELLEE'S PROPERTY.
 {¶ 17} "II. THE COMMON PLEAS COURT ERRED IN FAILING TO SET FORTH THE SPECIFIC FACTS UPON WHICH IT BASED ITS DETERMINATION OF THE TRUE VALUE OF APPELLEE'S PROPERTY."
 I., II. {¶ 18} Appellants argue in their first Assignment of Error the trial court acted in an arbitrary and unreasonable manner by relying upon the appraisal submitted by RDSOR. They contend Snyder's appraisal of the property was neither probative nor *Page 6 
credible. In their second Assignment of Error, Appellants argue the trial court erred in not specifically setting forth its findings of fact in its judgment entry. As the second Assignment of Error implicates the first, we will address them together.
 {¶ 19} R.C. 5717.05 defines the parameters of an appeal from the BOR to the court of common pleas, and states, in pertinent part, that:
 {¶ 20} "* * * [A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas * * *.
 {¶ 21} "* * *
 {¶ 22} "Within thirty days after notice of appeal to the court has been filed with the county board of revision said board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection therewith.
 {¶ 23} "The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or in the event the complaint and appeal is against a discriminatory valuation, shall determine a valuation which shall correct such discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by such judgment."
 {¶ 24} The Ohio Supreme Court has determined that an appeal pursuant to R.C. 5717.05 requires more than a mere review of the decision of the BOR, that review may be properly limited to a comprehensive consideration of the existing evidence and, in *Page 7 
the court's discretion, to an examination of additional evidence.Black v. Board of Revision of Cuyahoga Cnty. (1985), 16 Ohio St.3d 11,14, 475 N.E.2d 1264. The trial court should consider all such evidence and determine the taxable value through its independent judgment. Id. The Ohio Supreme Court has stylized a review of the BOR by the trial court under R.C. 5717.05 as a decision de novo rather than for an original action or trial de novo. Id.
 {¶ 25} Pursuant to this independent review, the trial "court is not required to adopt the valuation of any witness, but is instead vested with wide discretion to determine the weight of the evidence and the credibility of the witnesses." Security Natl. Bank Trust Co. v.Springfield City School Dist. Bd. of Edn. (Sept. 17, 1999), 2nd Dist. No. 98-CA-104, appeal not accepted for review in 87 Ohio St.3d 1495,722 N.E.2d 527, citing Murray Co. Marina, Inc. v. Erie Cty. Bd. ofRevision (1997), 123 Ohio App.3d 166, 173, 703 N.E.2d 846, citing,Strongsville Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision (1997),77 Ohio St.3d 402, 408, 674 N.E.2d 696. Also, "a common pleas court is not required to adopt an appraisal methodology espoused by any expert or witness." Security Natl. Bank Trust Co., supra, citing Murray Co.Marina, Inc., supra.
 {¶ 26} The independent judgment of the trial court is not to be disturbed absent a showing of abuse of discretion. "Specifically, an appeals court should not question the trial court's judgment, unless such determination is unreasonable, arbitrary, or unconscionable."Black, supra, citing Jennings Churella Constr. Co. v. Lindley (1984),10 Ohio St.3d 67, 70, 461 N.E.2d 897; Clark v. Rockwood Co. (App. 1960), 88 Ohio Law Abs. 429 [18 O.O.2d 414]. *Page 8 
 {¶ 27} In the present case, the trial court stated in its judgment entry that it had considered the BOR record which included Snyder's testimony and cross-examination; all evidence offered before the BOR which included Snyder's appraisal report and Cleminshaw letter; and the briefs submitted by the parties, in reaching its decision that RDSOR met its burden of proof. It is the taxpayer's duty to prove its right to a reduction in value. R.R.Z. Associates v. Cuyahoga Cty. Bd. ofRevision (1988), 38 Ohio St.3d 198, 202, 527 N.E.2d 874, 87.
 {¶ 28} Appellants argue the trial court obviously relied upon Snyder's appraisal report in reaching its determination to reduce the taxable value of the property, despite flaws with the appraisal of the property pursuant to Snyder's use of the market and income approach. Cleminshaw's letter to the BOR, part of the BOR record before the trial court, remarks upon the flaws of Snyder's appraisal.
 {¶ 29} There is no indication from the trial court's August 5, 2008 judgment entry that it was not aware of those flaws, or that it failed to take those flaws into consideration when determining the value of the property. It is at this point that Appellants' second Assignment of Error becomes relevant. Appellants argue the trial court erred in not setting forth the specific facts upon which it based its determination of the true value of the property in question. Appellants do not dispute that they failed to request findings of facts pursuant to Civ. R. 52.
 {¶ 30} Appellants argue that it was unnecessary to request findings of fact because the decision issued by the trial court under R.C. 5717.05
should be of the same standard as required by the Ohio Board of Tax Appeals under R.C. 5717.03. In Babcock Wilcox Co. v. Stark Cty. Bd. ofRevision (1992), 65 Ohio St.3d 290, 603, *Page 9 
N.E.2d 981, the Ohio Supreme Court reversed and remanded a decision of the BTA because the entry failed to explain its decision regarding value of taxpayer's real property so that the Ohio Supreme Court could determine whether its action was reasonable and lawful.
 {¶ 31} Appellants argue that this principle should also apply to a decision issued by the court of common pleas pursuant to R.C. 5717.05. Appellants have not provided any direct case law to support this argument. While it seems that because R.C. 5717.01 provides a taxpayer two different avenues to appeal a BOR decision, the same standards pertaining to the content of their decisions should apply to the BTA and court of common pleas; however, our review of the pertinent statutory and case law does not support Appellants' contention.
 {¶ 32} First, while R.C. 5717.04 sets forth the specific standard for an appellate court review of a BTA decision, R.C. 5717.05 states only, "[a]ny party to the appeal may appeal from the judgment of the court on the questions of law as in other cases." Appeals from the BTA are governed by R.C. 5717.04, which states in pertinent part, "[i]f upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification." The courts of common law have determined the standard of review in an appeal pursuant to R.C. 5717.05 is abuse of discretion.
 {¶ 33} Second, in a similar case where the appellant raised the issue of the trial court's lack of factual findings in its decision determining a property's valuation, the *Page 10 
Second District Court of Appeals held it was the appellant's error for failing to request findings of fact pursuant to Civ. R. 52. InSecurity Natl. Bank Trust Co., supra, the court cited Civ. R. 52, stating,
 {¶ 34} "`When questions of fact are tried by a court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.' Civ. R. 52. The Board of Education failed to request findings of fact pursuant to Civ. R. 52. Therefore, we will follow the presumption that the finding of the trial court is correct. Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273."
 {¶ 35} The Ohio Supreme Court had the opportunity to address this issue as determined by the Second District decision, but declined to accept the appeal for review. Security Natl. Bank Trust Co. v.Springfield City School Dist. Bd. of Ed. (2000), 87 Ohio St.3d 1495,722 N.E.2d 527.
 {¶ 36} Accordingly, we decline to adopt Appellants' argument raised in their second Assignment of Error. This Court finds that Appellants failed to request findings of fact pursuant to Civ. R. 52 and we will therefore presume that the finding of the trial court was correct. Further, we cannot say that after our review of the record, the trial court abused its discretion in its determination of the valuation of the property.
 {¶ 37} Appellants' first and second Assignments are overruled. *Page 11 
 {¶ 38} The judgment of the Knox County Court of Common Pleas is affirmed.
Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is affirmed. Costs to Appellants. *Page 1